## Case No. 7,996.

### LAKE SHORE & M. S. R. CO. v. The NEIL COCHRAN.

[15 Int. Rev. Rec. 114; 4 Chi. Leg. News, 153; Brown, Adm. 162.]

District Court, N. D. Ohio.  January, 1872.

INJURY TO BRIDGE NOT A MARINE TORT.

A vessel ran into an iron swing-bridge which had been erected across the Cuyahoga river near its mouth, and injured it to the extent of $10,000, and it was held that it was not a marine tort, and that the admiralty court had no jurisdiction of the case.

[Cited in The Maud Webster, Case No. 9,302; The Mary Stewart, 10 Fed. 138; The Arkansas, 17 Fed. 388; The C. Accame, 20 Fed. 643; Leonard v. Decker, 22 Fed. 742; The Professor Morse, 23 Fed. 804; Milwaukee v. The Curtis, 37 Fed. 706; The H. S. Pickands, 42 Fed. 240; Homer Ramsdell T. Co. v. Compagnie Generale Transatlantique, 63 Fed. 848; The Mary Garrett, Id. 1011, 1012.]

In admiralty. Libel for collision.

James Mason and Estep & Burke, for libellant.

Willey, Cary & Terrell, for claimant.

SHERMAN, District Judge. This is a libel in admiralty by the Lake Shore & Michigan Southern Railroad Company against the schooner Neil Cochran, setting up substantially the following facts: The libellant is

a corporation duly incorporated under the laws of the state of Ohio, having its office and principal place of business at Cleveland, Ohio. It is the owner of an iron swing bridge across the Cuyahoga riger, near its mouth, being so constructed as to swing entirely out of the way of vessels navigating said river, enabling them to pass and repass without obstruction. Said bridge is duly authorized by law, and is kept constantly manned, night and day, with a sufficient force to swing it when vessels approach, and at night is lighted and in full view of all vessels entering said harbor. On the night of November 10, 1871, said bridge was so lighted, manned and ready to be swung, upon notice of the approach of vessels, by lights, signals or otherwise. On said night the schooner Neil Cochran came into the port of Cleveland, on a voyage from Port Hope, in Canada. When said vessel approached and entered the Cuyahoga river, on said night, she was without lights and gave no signal whatever. By reason of the darkness of the night she was not and could not be seen by those in charge of said bridge until she was so near that said bridge could not be swung out of her way; and said vessel negligently and carelessly ran into and against said bridge with great force and violence, and broke and injured said bridge to the extent of ten thousand dollars. Said loss and damage were occasioned solely by the neglect of the said vessel to exhibit lights and to give any signal of her approach. The libel then prays process against the vessel, and that a decree be pronounced against her for said damage and costs. To this libel, William R. Stafford, owner and claimant of said vessel, files an exception alleging that said libel is insufficient in this, to wit: "That the wrongful acts alleged in said libel against the said schooner, Neil Cochran, her master and crew, do not constitute a marine or maritime tort; and that this court has no jurisdiction of this case in manner and form as here brought."

The question, then, for the court in this case is: Do the wrongful acts set forth in the libel constitute a marine or maritime tort? In the decision of this question it is unnecessary for the court to go into a review of the authorities as to the jurisdiction of admiralty in case of tort. It is sufficient to say that it is well settled and conceded law that the test of admiralty jurisdiction in cases of tort is the locality of the act. Therefore in this and all other like cases, when we have determined whether the tort was committed upon navigable waters within the admiralty cognizance, we have also determined the question as to whether or not it is a marine or maritime tort. In determining this question I shall be guided by

the decision of the supreme court of the United States (the opinion delivered by Mr. Justice Nelson) in the case of The Plymouth, 3 Wall. [70 U. S.] 20. From that case, supported by the clearest and most convincing reasoning, the following propositions are deducible: 1st. The jurisdiction of the admiralty over marine torts depends upon locality —the high seas, or other navigable waters within admiralty cognizance. 2d. The origin of the wrong must not only be on navigable water, but the substance and consummation of the injury must also be on navigable water. 3d. The fact that an injury is done by a vessel is of no weight in determining the question of jurisdiction, locality being the test. 4th. If the negligence which occasions the injury is upon navigable waters, but the whole damage resulting therefrom is upon the land, admiralty has no jurisdiction. 5th. The negligence, of itself, furnishes no cause of action; it is damnum absque injuria; the whole or substantial cause of action, both negligence and resulting damage, must be upon navigable water to constitute a maritime tort.

In the light of these propositions what shall be said of the case at bar? Clearly this: That the origin of the wrong was upon navigable water, but that the whole damage resulting therefrom was done upon the land, the bridge being attached to and a part of the land. Indeed the case at bar and the case of The Plymouth are identical in principle. In that case the Falcon, a steam propeller, was moored at the wharf in the Chicago river; she took fire through the negligence of those in charge of her; the fire communicated to and burned down some large packing houses on the wharf, and the owners of the packing houses filed a libel against the owners of the Falcon, for the resulting damage. The libel was dismissed for want of jurisdiction, and the U. S. supreme court affirmed the decree. There, as here, the negligence, or origin of the wrong, was on board a vessel, an instrument of commerce; there, as here, the vessel was at the time of the negligent acts on navigable waters; and here, as there, the whole damage or consummation of the injury was upon the land. There is no distinction to be taken between the cases. I conclude, then, in the case at bar, the substantial damage or injury for which the libellant asks relief, was done upon the land, and not upon navigable waters; and that, therefore, this court has no jurisdiction in the case. The exception of the libel will, therefore, be sustained, and the libel will be dismissed with costs.

---

LAKE SUPERIOR, The (ST. PAUL FIRE & MARINE INS. CO. v.). See Case No. 12,244.